Broco Oliveras, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Se instó el presente recurso con el fin de revisar la Sentencia Parcial Enmendada emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (Dora T. Peñagarícano Soler, J.), el 13 de noviembre de 1995, notificada con fecha de 17 de noviembre de 1995, mediante la cual se ordenó paralizar el trámite de una reclamación por daños y perjuicios en cuanto a los co-demandantes Manuel Matos y Cristino López (los recurridos) hasta que advinieran finales y firmes unos laudos de arbitraje.
Por entender que no incurrió en error el tribunal de instancia al suspender los procedimientos judiciales en cuanto a los recurridos, denegamos la expedición de auto.
I
Los recurridos trabajaban uno como "attendant" o asistente de servicio en las máquinas tragamonedas propiedad de la Compañía de Turismo de Puerto Rico, peticionaria, y el otro como inspector de juegos de azar. Las funciones del asistente de servicio son: ayudar a clientes jugadores cuando éstos confrontan algún problema; depositar las monedas en la unidad de pago (hopper) de las máquinas; procesar y firmar el formulario de requisición de monedas para recargar la máquina (hopper refill) y para aprobar el pago de premios "Jackpot" y "Superjackpot". El inspector de juegos *1348 de azar es el custodio de la llave de abrir la máquina y debe acompañar al asistente mientras éste interviene con la máquina.
El recurrido Cristino López fue empleado como asistente de servicio en las máquinas tragamonedas. Como resultado de una investigación, se le imputó falsificar documentos para la erogación de fondos, apropiación de dinero y negligencia en el desempeño de su trabajo. Este fue suspendido de sus funciones aunque no de sueldo el 22 de septiembre de 1990. Posteriormente, el 4 de octubre de 1991 fue despedido. Sometida a arbitraje la cuestión de si el despido del Sr. Cristino López estuvo o no justificado, el árbitro entendió que quedó probado solamente el cargo de apropiarse de parte del dinero del relleno de una de las máquinas, por lo que concluyó que el despido estuvo justificado.
El recurrido Manuel Matos, inspector de juegos de azar, fue suspendido de empleo, aunque no de sueldo, el 18 de junio de 1990. Luego fue despedido el 20 de mayo de 1991. Al recurrido Manuel Matos se le imputó haber autorizado el pago de premios que las máquinas no registraron en sus metros, apropiarse de fondos y negligencia en el desempeño de sus funciones. El árbitro concluyó que el recurrido Manuel Matos fue negligente en el desempeño de sus funciones, por lo que el despido estuvo justificado.
Los recurridos Cristino López y Manuel Matos, conjuntamente con otro reclamante, presentaron una demanda de daños y perjuicios en contra de la peticionaria por libelo y persecución maliciosa resultado de denuncias criminales que fueron presentadas. Alegaron los recurridos que los procesos criminales instados en su contra terminaron en determinaciones judiciales de ausencia de causa probable, en la mayoría de los cargos.
De acuerdo con la minuta de 13 de noviembre de 1995, el tribunal de instancia, a solicitud de los recurridos, ordenó la paralización de los procedimientos por no ser final y firme el dictamen administrativo. Mediante Sentencia Parcial Enmendada de 28 de noviembre de 1995, el tribunal de instancia suspendió la acción judicial de daños y perjuicios en cuanto a los recurridos, reservándose jurisdicción para decretar la reapertura una vez adviniera final y firme el dictamen administrativo, y las partes interesadas lo soliciten en el término de 60 días, luego de advenir final y firme el referido dictamen administrativo.
Inconforme con la sentencia, la peticionaria instó el presete recurso. La peticionaria imputa al tribunal de instancia, en el presente recurso, el siguiente error:

"Erró el Honorable Tribunal de Primera Instancia, Sala Superior de San Juan, al paralizar los procedimientos judiciales, en cuanto a los co-demandados Manuel Matos y Cristino López, hasta que el laudo emitido por el Negociado de Conciliación y Arbitraje se convierta en final y firme."

II
Arguye la peticionaria que al no requerirse el conocimiento especializado de los organismos administrativos que justifica la abstención judicial, el tribunal de instancia debió haber continuado los procedimientos judiciales en cuanto a los recurridos. Sostiene la peticionaria que no es aplicable a la presente controversia la doctrina de jurisdicción primaria. Señala además la peticionaria que por no ser el Negociado de Conciliación y Arbitraje una agencia administrativa, no aplica la doctrina de jurisdicción primaria.
La doctrina de jurisdicción primaria tiene dos vertientes: la jurisdicción primaria exclusiva y la jurisdicción primaria concurrente. Bajo la primera de ellas, se despoja a los tribunales de cualquier jurisdicción que de otro modo tendrían y su función en los casos concernidos se limita a la revisión judicial. Colón Ventura v. Méndez, Op. de 5 de mayo de 1992, 92 J.T.S. 51. Hay jurisdicción concurrente cuando la ley permite que la reclamación se inicie bien en el foro administrativo o bien en el judicial. "Es decir, cuando una reclamación puede ventilarse en el foro judicial pero bajo un esquema regulatorio se ha referido a un cuerpo administrativo especializado, el proceso judicial queda suspendido por deferencia a la agencia". Colón Ventura, supra.
Entendemos que el planteamiento sobre la inaplicabilidad de la doctrina de jurisdicción primaria *1349 no es un argumento acertado en vista de la actuación del tribunal de instancia. Este no actuó amparándose en la doctrina de jurisdicción primaria. Los tribunales tienen discreción para conducir el trámite de los casos que le han sido asignados de forma ordenada, siempre que no se violen normas estatutarias o reglamentarias ni se perjudiquen los derechos de las partes litigantes.
En el presente caso el tribunal de instancia ha utilizado su discreción para dirigir el trámite del caso de manera apropiada, sin perjudicar los derechos de las partes. La suspensión de los procedimientos ante el tribunal de instancia, mientras se están adjudicando en procedimientos de arbitraje situaciones de hecho comunes a ambos procedimientos, evita la posibilidad de adjudicaciones contradictorias. Este proceder da mayor certeza a los procedimientos.
No habiendo el tribunal de instancia abusado de su discreción al ejercer su facultad de dirigir el trámite del caso que nos ocupa, no existe razón válida para que variemos esa determinación. Téngase presente que el tribunal de instancia se reservó jurisdicción para ordenar la reapertura del caso. No se trata, por lo tanto, de un caso cerrado.
III
Por las razones antes expresadas, se deniega la expedición del auto de certiorari.
Lo acordó el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General
ESCOLIO 96 DTA 8
1. El tribunal de instancia continuó los procedimientos en cuanto al co-demandante Danny Young Valentín, debido a que éste no tenía caso pendiente de arbitraje.